# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRACEY A. MARTIN,

        Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,

        Agency.

DOCKET NUMBER
DC-0845-20-0640-I-1

DATE: August 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tracey A. Martin, Potomac, Maryland, pro se.

Alison Pastor, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed her appeal from a final decision issued by the Office of Personnel Management (OPM).  For the reasons set forth below, the

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

On May 28, 2020, the appellant electronically filed an appeal from a February 6, 2020 final decision issued by OPM that concluded she was overpaid civil service annuity benefits under the Federal Employees' Retirement System. Initial Appeal File (IAF), Tab 1. The administrative judge issued the initial decision on June 11, 2020, dismissing the appeal as untimely filed. IAF Tab 4, Initial Decision (ID). The decision included instructions indicating that it would become final on July 16, 2020, unless a petition for review was filed by that date. ID at 4. Because the appellant was a registered e-filer during the adjudication of the initial appeal, the decision was served on her electronically. IAF, Tab 1 at 1-2, Tab 5.

The appellant filed her petition for review on August 7, 2020, twenty-two days after the filing deadline. Petition for Review (PFR) File, Tab 1 at 86. The appellant stated that she did not receive the initial decision until July 29, 2020, when it was mailed to her home by her U.S. Senator's office on July 22, 2020. *Id*. at 8-9. On August 26, 2020, the Acting Clerk of the Board issued an acknowledgment letter, advising the appellant that her petition for review was untimely filed and informing her that she must establish good cause for the untimely filing no later than September 10, 2020. PFR File, Tab 3 at 2. To assist the appellant, the Acting Clerk of the Board attached a "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit" form. *Id*. at 7-8. The appellant did not respond to the acknowledgment letter. The agency has filed a response to the appellant's petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date the initial decision is issued or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). The party who submits an untimely filing has the burden of establishing good cause for the untimeliness by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

On review, the appellant claims that she did not become aware of the issuance of the initial decision until July 29, 2020, when it was mailed to her home by her U.S. Senator's office. PFR File, Tab 1 at 8-9. As a registered e-filer, however, the appellant consented to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board. 5 C.F.R. § 1201.14(e)(1) (2020). When Board documents are issued, an email message is sent to e-filers that notifies them of the issuance and that contains a link to e-Appeal where the document can be viewed and downloaded; paper copies of these documents are not ordinarily served on e-filers. 5 C.F.R. § 1201.14(j)(1) (2020). E-filers are responsible for ensuring that email from @mspb.gov is not blocked by filters and for monitoring case activity at e-Appeal to ensure that they

have received all case-related documents.  5 C.F.R. § 1201.14(j)(2)-(3) (2020).  Further, Board documents served electronically on registered e-filers are deemed received on the date of electronic submission.  5 C.F.R. § 1201.14(m)(2) (2020).  When a statute or regulation "deems" something to be done or to have been done, the event is considered to have occurred whether or not it actually did.  *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006).  The certificate of service reflects that the initial decision was electronically served on the appellant on June 11, 2020.  IAF, Tab 5.  Therefore, the appellant is considered to have received the initial decision on June 11, 2020.  ID at 1; IAF, Tab 5.

As noted above, the Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing.  *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010); 5 C.F.R. § 1201.114(g).  Here, we find that the appellant has not shown good cause for the untimely filing of her petition for review.  The appellant's delay of 22 days, while not a vast amount of time, is not a de minimis period either.  *See Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶ 14 (2006) (holding that an appellant's 23-day refiling delay was "not particularly de minimis . . . [and] not particularly lengthy"); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, 441 (2003) (finding a 13-day delay not minimal).  Although the appellant's pro se status is a factor weighing in her favor, it is insufficient to excuse her untimeliness.  *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's 14-day, unexplained delay in filing a petition for review).  The appellant failed to allege any circumstances beyond her control that prevented her from filing on time.  She did not provide any reasonable explanations for the delay.  Further, she failed to respond to the Clerk's notice requiring her to explain the delay in filing her petition for review.  Although the appellant stated that she had trouble receiving mail to her home address, she provided evidence showing that she sent and received emails from OPM.  PFR File, Tab 1 at 8, 12-17.  Thus, she should have

received the email message from the Board when the initial decision was issued. In addition, as an e-filer, it was her responsibility to routinely monitor e-Appeal for case activity. These combined factors make the delay inexcusable. For the above reasons, we conclude that the appellant did not establish that she exercised due diligence or ordinary prudence under the particular circumstances of her case, and therefore did not establish good cause for the untimely filing of her petition for review.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision, which dismissed her appeal of OPM's final decision as untimely filed, remains the final decision of the Board.[2]

---

[2] Since filing her petition for review, the appellant sought review of the Board's initial decision with the U.S. Court of Appeals for the Federal Circuit. The court found that the initial decision was final and affirmed the administrative judge's dismissal of the appeal as untimely filed without good cause shown. *Martin v. Merit Systems Protection Board*, No. 2020-2183, 2021 WL 4130640 (Fed. Cir. Sept. 10, 2021). As such, assuming that the petition for review had been timely filed or that good cause existed for the delay, the Board would dismiss the appeal as barred by collateral estoppel.

The Board may find an appeal untimely filed based on collateral estoppel. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 340-41 (1995). Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to the one involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). Here, the timeliness issue is identical. Timeliness was litigated in the court case, and the determination of that issue was necessary to the decision. Moreover, as a party to that appeal, her interests were fully represented. Thus, we find the prerequisites for collateral estoppel have been satisfied. Although collateral estoppel had not been raised as a defense, the Board has held that it may raise the issue of collateral estoppel sua sponte if it is on notice that the issue was previously decided, and Board resources have been spent addressing the issue. *See Killeen v. Office of Personnel Management*, 106 M.S.P.R. 666, ¶¶ 9-11 (2007), *vacated and remanded on other grounds*, 558 F.3d 1318 (Fed. Cir. 2009); *see also Stearn v. Department of the Navy*, 280 F.3d 1376, 1380-81 (Fed. Cir. 2002) (holding that raising a preclusion defense sua sponte might be appropriate in special circumstances, "[m]ost notably, 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

 (1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

raised.'").

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.